IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| YVETTE HUNTER ROBERTSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> Acting Commissioner of Social Security,[1] ) <br> ) <br> Defendant. ) | CIVIL ACTION NO. 1:14cv1254-CSC <br> (WO) |

**MEMORANDUM OPINION and ORDER**

**I.  Introduction**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., alleging that she was unable to work because of a disability.  Her application was denied at the initial administrative level.  The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ also denied the claim.  The Appeals Council rejected a subsequent request for review.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[2] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3).  Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of

---

[1]  Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.

[2]  Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

final judgment by the United States Magistrate Judge.  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be reversed and remanded for further proceedings.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

To make this determination[3] the Commissioner employs a five step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[3]   A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm. of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must, however,] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

---

[4] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

### III.  The Issues

**A.  Introduction.**  Robertson was 57 years old at the time of the hearing before the ALJ and has completed high school and some college.  (R. 32).  Her prior work experience includes work as an optometric assistant, checker and cashier.  (R. 38).  Following the administrative hearing, the ALJ concluded that Robertson has severe impairments of "lumbar joint disease, osteoarthritis, degenerative disc disease, and carpal tunnel syndrome."  (R. 31).  The ALJ concluded that Robertson was unable to perform her past relevant work.  (R. 38).  Nonetheless, the ALJ concluded that Robertson was not disabled because she has the residual functional capacity to perform other work that is available in the national economy.  (R. 39).

**B. The Plaintiff's Claims.**  As stated by the plaintiff, Robertson presents three issues for the Court's review.

> I.  Whether the ALJ's finding of Ms. Robertson's residual functional capacity, specifically that she does not have any non-exertional limitations, is at odds with the objective evidence and is not supported by substantial evidence.
>
> II.  Whether the ALJ's credibility finding is flawed warranting remand.
>
> III.  Whether the new and material evidence warrants remand.

(Doc. # 14, Pl's Br. at 1).

### IV.  Discussion

The plaintiff raises several issues and arguments related to this court's ultimate inquiry of whether the Commissioner's disability decision is supported by the proper legal standards and substantial evidence.  *See Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

However, the court pretermits discussion of the plaintiff's specific arguments because the court concludes that the ALJ erred as a matter of law, and, thus, this case is due to be remanded for further proceedings.

The Commissioner's regulations require that a written decision contain several elements.

> *Any* such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual *shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based*.

42 U.S.C. § 405(b)(1) (emphasis added). The plaintiff contends that the ALJ erred because he failed to account for her non-exertional limitation of pain in his residual functional capacity determination. *See*  See 20 C.F.R. 416.945(a)(2) ("We will consider all of your medically determinable impairments of which we are aware . . . when we assess your residual functional capacity.").

It is undisputed that Robertson suffers from pain. During the administrative hearing, Robertson testified that she suffers from pain - she can't sit or stand for long periods of time. (R. 53). She further testified that she cannot stoop, lift or bend. (R. 60). The medical evidence demonstrates that Robertson has complained of and been treated for pain consistently since 2010.

The law is very well-established in this circuit. The Commissioner must consider a claimant's subjective testimony of pain if he finds evidence of an underlying medical

5

condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain. *Mason v. Bowen*, 791 F.2d 1460, 1462 (11th Cir. 1986); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). Moreover, "[p]ain is clearly a non-exertional impairment that limits the range of jobs the claimant can perform." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995); *Walker*, 826 F.2d at 1003 ("Pain is a nonexertional impairment."). *See also Phillips*, 357 F.3d at 1242 fn 11 ("Nonexertional limitations or restrictions affect an individual's ability to meet the other demands of jobs and include . . . pain limitations. . ."). Furthermore, in this circuit, pain itself can be disabling. *See Foote*, 67 F.3d at 1561; *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).

After reciting the law, the ALJ acknowledged that Robertson has impairments that would reasonably be expected to produce some of the symptoms about which she complains but the ALJ then concluded that her statements were not "entirely credible for the reasons explained in this decision." (R. 33). The ALJ then details the medical evidence and concludes

> [t]he objective medical evidence and the claimant's reported activities of daily living do not support the level of limitation alleged by the claimant and do not support a finding that she is disabled. The undersigned has accounted for the claimant's lumbar joint disease, osteoarthritis, an degenerative disc disease by limiting her to light work.

(R. 37). The problem with this approach is the ALJ does not make any findings regarding

Robertson's pain. The ALJ's generic approach to Robertson's residual functional capacity and credibility led the ALJ astray because he does not discuss the implications of her pain on her ability to perform work, and he does not consider the effect of her pain on the areas of persistence, concentration, and pace. "[T]he severity of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986); *Gray v. Comm'r of Soc. Sec.*, 426 Fed. Appx. 751, 753 (11th Cir. 2011); *Manzo v. Comm'r of Soc. Sec.*, 408 F. App'x 265, 269 (11th Cir. 2011).

In this case, the ALJ failed to "discuss meaningfully how [Robertson's pain] might affect [her] ability to perform" work. *See Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 638 (11th Cir. 2010). While it is undisputed that Robertson suffers from pain, it is not at all clear how her pain *affects* her ability to work. "[W]hen the ALJ fails to 'state with at least some measure of clarity the grounds for his decision,' we will decline to affirm 'simply because some rationale might have supported the ALJ's conclusion.'" *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting *Owens v. Heckler,* 748 F.2d 1511, 1516 (11th Cir.1984) (per curiam)). Given that the ALJ failed to address with particularity the effect of Robertson's pain on her ability to work, it is impossible for the court to determine whether the ALJ's ultimate conclusion that Robertson is not disabled is supported by substantial evidence. "Failure to apply correct legal standards or to provide the

7

reviewing court with the sufficient basis to determine that the correct legal principles have been followed is grounds for reversal." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982); *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

The court is compelled to address one other aspect of this case that it finds troubling. At some point in the administrative proceedings, Robertson was offered a fully favorable decision contingent on her altering her onset date. Robertson declined that offer. The following colloquy occurred at the administrative hearing.

> ALJ: . . . I saw in the record where the D.O. had offered [Plaintiff] a fully favorable decision with an onset date of 3/5 of 2012, which she turned down, is that correct?
>
> CLMT: Yes.
>
> ALJ: You did turn that down?
>
> CLMT: Yes, I did.
>
> ATTY: Okay.
>
> CLMT: Yes.
>
> ALJ: Well, I've looked at this case, Ms. Robertson. I'm not so sure that was the right decision for you. And, Julie, I don't know if you want to discuss this, you know, with your client, but it looked to me to be like a pretty decent, you know, offer considering the circumstances. But you know, Ms. Robertson, you don't have to take it. But you know if we can go through a hearing if you'd like to do so, but it appeared to me to be a pretty reasonable offer to you. . . .

(R. 48-49).

Entitlement to disability benefits is certainly determined by the onset date. However,

if the Commissioner has determined, and offered a fully favorable decision, that the plaintiff is disabled on a date certain, the ALJ must reconcile the inconsistency in then denying that the plaintiff is disabled on that date.[5] He cannot simply ignore the offer as he did in this case. Either the plaintiff is disabled on a date certain or she is not but the ALJ must resolve that inconsistency.

Moreover, it strikes the court that by negotiating with the plaintiff in this manner, the Commissioner has turned the disability proceeding into adversarial one. This she cannot do. "Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110-111 (2000).

> The SSA is perhaps the best example of an agency that is not based to a significant extent on the judicial model of decisionmaking. It has replaced normal adversary procedure with an investigatory model, where it is the duty of the ALJ to investigate the facts and develop the arguments both for and against granting benefits; review by the Appeals Council is similarly broad. *Id*. The regulations also make the nature of the SSA proceedings quite clear. They expressly provide that the SSA "conducts the administrative review process in an informal, nonadversary manner." 20 C.F.R. § 404.900(b).

*Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000).

### V. Conclusion

Accordingly, the court concludes that the decision of the Commissioner denying benefits to Robertson should be reversed and remanded for further proceedings consistent

---

[5] The ALJ acknowledged that Robertson amended her onset date to March 25, 2012. (R. 29).

with this opinion.

Further, it is

**ORDERED** that, in accordance with *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 n.2 (11th Cir. 2006), the plaintiff shall have sixty (60) days after she receives notice of any amount of past due benefits awarded to seek attorney's fees under 42 U.S.C. § 406(b). See also *Blitch v. Astrue*, 261 Fed. Appx. 241, 242 n.1 (11th Cir. 2008).

A separate final judgment will be entered.

Done this 18th day of May 2016.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE